**Opinion issued March 27, 2014**



In The

# Court of Appeals

For The

# First District of Texas

————————————

**NO. 01-13-01050-CR**

**NO. 01-13-01051-CR**

————————————

**DAVID CLAYTON, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

On Appeal from the 178th District Court
Harris County, Texas
Trial Court Case Nos. 1392006, 1399964

---

## MEMORANDUM OPINION

Appellant, David Clayton, pleaded guilty to the state jail felony offense of possession of a controlled substance in trial cause 1392006 and the third degree felony of driving while intoxicated in trial cause 1399964. *See* TEX. HEALTH &

SAFETY CODE ANN. § 481.115(a), (b) (West 2010); TEX. PENAL CODE ANN. §§ 49.04(a), 49.09(b) (West Supp. 2013). The trial court found appellant guilty of each charge and, in accordance with the terms of appellant's plea bargain agreements with the State, sentenced appellant to confinement for three years. Appellant filed a *pro se* notice of appeal. We dismiss the appeals.

In a plea bargain case, a defendant may only appeal those matters that were raised by written motion filed and ruled on before trial or after getting the trial court's permission to appeal. TEX. CODE CRIM. PROC. ANN. art. 44.02 (West 2006); TEX. R. APP. P. 25.2(a)(2). An appeal must be dismissed if a certification showing that the defendant has the right of appeal has not been made part of the record. TEX. R. APP. P. 25.2(d).

Here, the trial court's certifications are included in the records on appeal. *See id*. The trial court's certifications state that these are plea bargain cases and that the defendant has no right of appeal. *See* TEX. R. APP. P. 25.2(a)(2). The records support the trial court's certification. *See Dears v. State*, 154 S.W.3d 610, 615 (Tex. Crim. App. 2005). Because appellant has no right of appeal, we must dismiss these appeals. *See Chavez v. State*, 183 S.W.3d 675, 680 (Tex. Crim. App. 2006) ("A court of appeals, while having jurisdiction to ascertain whether an appellant who plea-bargained is permitted to appeal by Rule 25.2(a)(2), must

2

dismiss a prohibited appeal without further action, regardless of the basis for the appeal.").

Accordingly, we dismiss these appeals for want of jurisdiction. We dismiss any pending motions as moot.

**PER CURIAM**

Panel consists of Justices Keyes, Bland, and Brown.

Do not publish. TEX. R. APP. P. 47.2(b).

3